IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, #378276, a/k/a *Demetrius Alexander Brown, #51104*, <br><br>             Petitioner, <br><br>vs. <br><br>Kenneth Sharp, <br><br>             Respondent. | Civil Action No. 4:24-cv-00589-TMC <br><br>**ORDER** |

Demetrius Brown ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the petition, which he interpreted as one made pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring the respondent to file a return. (ECF No. 7). Petitioner filed objections to the Report, (ECF No. 10), and this matter is ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or

recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## BACKGROUND

Petitioner filed what he captioned as a "Supplemental Memorandum of Law in Support of Motion for Temporary Restraining Order and Emergency Writ of Habeas Corpus" against the South Carolina Department of Corrections, Turbeville Correctional Institution, Bryan Stirling, and Kenneth Sharp.[1] (ECF No. 1). The Clerk's Office docketed the filing as a "Petition for Writ of Habeas Corpus." *Id*. Petitioner provides he filed the petition due to Respondent Warden Kenneth Sharp's ongoing actions which Petitioner contends constitute imminent and ongoing civil rights violations. *Id*. at 1-3. Specifically, he asserts Sharp punished the inmates in Turbeville Correctional Institution's Tawcaw unit by: (1) placing the entire unit on lockdown status and limiting those inmates' access to hot water to only twice a week; (2) limiting their canteen privileges; and (3) firing those who had work details outside the unit. *Id*. at 3. He alleges Sharp punished the inmates without a hearing and without their knowledge of the pending charges. *Id*.

As set forth in his petition, Petitioner seeks release from custody. (ECF No. 1 at 2-4). He provides that "[w]hether habeas is a proper vehicle for litigating issues related to conditions of confinement is an open question." *Id*. at 4. Still, he maintains "[t]he harm here is so high that, based on the unique factual circumstances of this case, release from these ongoing conditions is the only remedy that could possibly ameliorate the constitutional violation here." *Id*. at 3-4.

---

[1] Petitioner purports to file this action on behalf of himself and others by referring to "Petitioners" and "Plaintiffs" throughout his filing and by using "et al" in the caption. (ECF No. 1). As the magistrate judge noted, however, Petitioner cannot represent others as a *pro se* litigant. (ECF No. 7). Petitioner does not dispute this finding in his objections. (ECF No. 10).

Alternatively, however, Petitioner asks the court to remedy the alleged constitutional violations through injunctive relief. *Id*. at 5-8.

The magistrate judge issued a report and recommendation ("Report"), recommending the petition be dismissed without prejudice and without requiring the respondent to file a return.[2] (ECF No. 7). The magistrate judge found the petition, though labeled as a § 2241 petition, should be construed as a § 2254 petition since Petitioner is a state prisoner seeking release from confinement.[3] *Id*. at 1. He also found Petitioner has not exhausted his state court remedies before seeking habeas relief in federal court. *Id*. at 3. He interpreted Petitioner's allegations as concerning the conditions of his confinement. *Id*. at 2. As such, the magistrate judge explained that, "[w]hile the United States Court of Appeals for the Fourth Circuit has not addressed the issue in a published opinion, it has noted that '[s]even of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging conditions of confinement cannot be brought in a habeas petition.' *Wilburn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019)." *Id*. at 4. He added that, if Petitioner "file[d] this action anew as an appropriate § 1983 action," *id*. at 3 n.4, Petitioner's allegations concerning the availability of hot water, canteen privileges, and employment opportunities fail to raise a claim "to a constitutional magnitude." *Id*. at 2 nn.1-3.

In his objections, Petitioner contends the magistrate judge erred in interpretating his petition as challenging the conditions of his confinement. (ECF No. 10). He explains he was using the denial of showers, limitation on canteen privileges, and termination of employment as

---

[2] The same day he issued the Report, the magistrate judge issued an order directing the Clerk's Office to terminate the South Carolina Department of Corrections, Turbeville Correctional Institution, and Bryan Stirling from this action. (ECF No. 5). He also ordered the Clerk's Office to serve the petition on Respondent Kenneth Sharp, but he directed Sharp not to file a return as the petition is subject to summary dismissal. *Id*. at 1.

[3] Petitioner does not take issue with the magistrate judge's classification of his petition.

examples of how he is being disciplined for violating institutional rules and regulations without a hearing. *Id*. at 1. In recognizing the magistrate judge's discussion of the *Wilburn* decision, Petitioner states he is not challenging the conditions of his confinement, but, rather, he is challenging the disciplinary sanctions respondent imposed without first giving him a hearing. *Id*. at 4. In his objections, Petitioner no longer appears to seek release from confinement. Instead, he indicates he seeks relief from sanctions and asks the court to order "the warden to stop and correct his wrongs." *Id*. at 2, 4. He also asks the court to either order that he be removed from the unit or be transferred to another facility. *Id*. at 4.

## DISCUSSION

The court agrees with the magistrate judge that Petitioner's claims would be more appropriately pursued in a § 1983 action as the crux of his claims deal with *conditions* of his confinement, not the legality of the confinement.[4] Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). In *Preiser v. Rodriguez*, the Supreme Court of the United States ("SCOTUS") examined, among other things, this statutory language and held "a state prisoner's challenge to the fact or duration of his confinement, based . . . upon the alleged unconstitutionality of state administrative action" is limited to habeas corpus, not § 1983 relief, as "[s]uch a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the

---

[4] Provided, however, that the court notes that release from custody is not an available form of relief under § 1983, which, again, Petitioner no longer appears to be seeking.

shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Relying on SCOTUS's discussion in *Preiser*, courts have held that "[u]nder § 2254, a state prisoner's claims are limited to allegations that challenge either the fact or duration of their confinement." *Pickens v. Buffaloe*, No. 1:22-CV-00102-MR, 2023 WL 1878565, at *1 (W.D.N.C. Jan. 13, 2023) (citing *Preiser*, 411 U.S. at 489).

When presented with § 2254 challenges to punishments imposed in a prison disciplinary action, courts have held that a "petitioner may only proceed on a claim related to a prison disciplinary proceeding *to the extent that the disciplinary conviction increased the duration of the petitioner's custody*." *Pickens*, No. 1:22-CV-00102-MR, 2023 WL 1878565, at *1 (emphasis added) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (wherein SCOTUS explained that "[b]ecause an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of . . . physical confinement,' . . . and thus lies at 'the core of habeas corpus'"); s*ee also Royster v. Polk*, 299 F. App'x 250 (4th Cir. 2008) (finding the respondent properly conceded on appeal that the petitioner should have been permitted to proceed under § 2254 because the petitioner challenged prison disciplinary violations that resulted in the loss of good time credits; therefore, the action "seeks to shorten the length of his confinement" and "sounds in habeas").

Here, Petitioner seeks relief from the disciplinary sanctions imposed without a hearing. Though he does not provide specific details regarding the disciplinary actions taken against him, he does indicate that he is seeking relief from sanctions concerning the availability of hot showers, canteen privileges, and job opportunities as well as the ability to attend religious services. Unlike the reduction of good time credits that were at issue in the above-cited cases, none of *these* sanctions affect the duration of his confinement. Rather, they affect the conditions of his

6

confinement, despite Petitioner's position to the contrary. Therefore, he cannot challenge those disciplinary proceedings under § 2254. In reaching its decision, the court is mindful of SCOTUS' cautionary language in *Preiser* that "[t]his is not to say that habeas corpus may not also be available to challenge . . . prison conditions." *Preiser*, 411 U.S. at 499. However, the court finds the allegations set forth in the petition before it are more similar to the allegations set forth in the cases the *Preiser* Court confirmed were appropriate for a § 1983 action. *See Preiser*, 411 U.S. at 498-99 (discussing its previous conditions of confinement cases and indicating they "merely establish that a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody");[5] *see also Wilburn v. Mansukhani*, 795 F. App'x 157, 163-64 (4th Cir. 2019) (recognizing that "[s]even of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition" and finding "no basis to deviate from [its] previous holdings" that "conditions-of-confinement claims are not cognizable in habeas proceedings").

That said, to the extent his petition could properly be made under habeas corpus proceedings, the petition would still fail as Petitioner has not shown he has exhausted his state court remedies. Section 2254 mandates that, absent circumstances not present here, the applicant seeking a writ of habeas corpus must first exhaust any available state court remedies. 28 U.S.C. § 2254(b)(1)(A). *See Bryant v. Buchholtz*, No. 3:23-CV-00182-MR, 2024 WL 150760, at *2 (W.D.N.C. Jan. 11, 2024) (acknowledging "[u]nder the Antiterrorism and Effective Death Penalty

---

[5] Additionally, the cases Petitioner relies on in his objections do not involve petitions for a writ of habeas corpus but rather § 1983 claims. *Taylor v. Sterrett*, 600 F.2d 1135 (5th Cir. 1979); *Matthews v. Peters*, 818 F. Supp. 224 (N.D. Ill. 1993); and *Vest v. Lubbock Cnty. Comm'rs Court*, 444 F. Supp. 824 (N.D. Texas 1977).

Act, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court") (*reconsideration denied*, No. 3:23-CV-00182-MR, 2024 WL 2732662 (W.D.N.C. May 28, 2024)); *see also Preiser*, 411 U.S. at 491-92 (explaining [t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and stating "[i]t is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons").[6]

      South Carolina law permits an inmate to seek review of a South Carolina Department of Corrections decision by the South Carolina Administrative Law Court ("ALC"). *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000) (recognizing administrative matters entitled to ALC review "typically arise in two ways: (1) when an inmate is disciplined and punishment is imposed and (2) when an inmate believes prison officials have erroneously calculated his sentence, sentence-related credits, or custody status"); s*ee also Allen v. S. Carolina Dep't of Corr.*, 886 S.E.2d 671, 674 (S.C. 2023) (clarifying "that the ALC has subject matter jurisdiction over inmate grievance appeals that have been properly filed" and that "[a] claim that implicates a state-created liberty or property interest is not required for the ALC to have subject matter jurisdiction over the appeal"). The magistrate judge determined Petitioner has not exhausted his state court remedies, and Petitioner did not indicate otherwise in his objections.

---

[6] As stated herein, the magistrate judge construed the petition as one for relief pursuant to § 2254. However, the court notes that the requirement to exhaust state remedies also applies to petitions made pursuant § 2241. *Williams v. Joyner*, Civ. No. 1:16-cv-MGL-SVH, 2016 WL 4059702, *1 (D.S.C. Feb. 19, 2016).

**CONCLUSION**

Accordingly, having thoroughly reviewed the Report and the record under the appropriate standards, the court **ADOPTS** the magistrate judge's recommendation in the Report, (ECF No. 7). The petition for a writ of habeas corpus, (ECF No. 1), is **DISMISSED** without prejudice and without requiring Respondent Sharp to file a return.[7]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, the Petitioner is advised that he may seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 21, 2024

---

[7] The court notes that, while it agrees with the magistrate judge that § 1983 is the proper avenue for pursuing Petitioner's claims, the court expresses no opinion as to the merits of those claims at this time. Forms for filing a 1983 action may be obtained by request to the Clerk, U.S. District Court, 901 Richland Street, Columbia, S.C. 29201.